CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**FEB 0 5 2013**

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Case No. 7:10cr00008** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ROBBIE KEVIN POOLE AND** | ) | |
| **KATHRYN REBECCA POOLE,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Defendants,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GRAYSON NATIONAL BANK, ITS** | ) | |
| **SUCCESSORS, OR ASSIGNS,** | ) | |
| | ) | **By: Samuel G. Wilson** |
| **Garnishee** | ) | **United States District Judge** |

In July of 2010, the court imposed a $90,863.94 restitution order on defendants Robbie

and Kathryn Poole. In an effort to collect on the Pooles' restitution obligation, the government

has applied for a writ of continuing garnishment on funds the Pooles have deposited in their

account at Grayson National Bank. The Pooles have objected. The court finds that the

restitution statute requires that the funds be applied to the Pooles' restitution obligation and

overrules their objections.

On April 14, 2010, defendants Robbie and Kathryn Poole pled guilty in this court to bank

fraud and aggravated identity theft. The government brought those charges because the Pooles

had been providing in-home care to an elderly, infirm couple whose bank accounts the Pooles

were surreptitiously using to purchase clothes, a car, and many other items. The court sentenced

Robbie to thirty-nine months in prison and four years of supervised release; sentenced Kathryn to

forty-five months in prison and four years of supervised release; and ordered both to pay

$90,863.94 in restitution pursuant to the Mandatory Victims Restitution Act, 18 U.S.C.

§§ 3663A–3664 ("MVRA"). Within weeks of sentencing, the government made several

applications for writs of continuing garnishment on various life insurance policies the Pooles

held, and the Clerk of Court issued writs on the government's applications. The court eventually

ordered payment in accordance with those writs. Then, on January 12, 2012, the Minnesota Life

Insurance Company issued Robbie Poole a check for $5055.55 as payment on his mother's life

insurance policy. Because the government had not yet attempted to garnish the insurance policy,

Robbie deposited the check into the Pooles' account at Grayson National Bank and proceeded to

tithe, pay real estate taxes and his mortgage, and deposit $150 each into his and Kathryn's prison

accounts. Because the Pooles still owed approximately $83,000 in restitution, the government

made applications for writs of continuing garnishment on the $3246.02 remaining in the Grayson

National Bank account. The Clerk once again issued writs of continuing garnishment.

Garnishee Grayson National Bank answered each writ, stating that it had a "demand deposit

account in the name of Robbie K. Poole and Kathryn R. Poole, Account No: [XXXXXX]4355."

(Ans., ECF Nos. 99, 100.) This time, however, the Pooles objected to the writs.

The Pooles argue that the court should exercise discretion under 28 U.S.C. § 3013[1] to

limit the government's access to the proceeds of the Minnesota Life Insurance Policy remaining

---

[1] The Pooles' restitution obligation arises under the MVRA. The government may enforce a restitution order under the MVRA "in the manner provided for in . . . subchapter B of chapter 229 of this title." 18 U.S.C. § 3664(m)(1)(A)(i). Subchapter B of Chapter 229 of Title 18 permits the government to enforce a restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law." 18 U.S.C. § 3613(a), (f). The Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, ("FDCPA") sets forth the "practices and procedures" for enforcing a civil judgment under federal law. See, e.g., United States v. Witham, 648 F.3d 40, 45–46 (1st Cir. 2011) (explaining the interaction of the MVRA and the FDCPA). It is under the FDCPA that the government makes its application for writ of continuing garnishment and the Pooles make their § 3013 argument for discretionary modification of the writ.

in their account at Grayson National Bank.[2] The Pooles claim that if the government garnishes all of the proceeds, they will have no money to pay the expenses associated with their release from prison. The MVRA requires, however, that "[i]f a person obligated to provide restitution . . . receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person *shall* be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added). Here, the Pooles still owe restitution and received a substantial amount of funds from a life insurance policy during their periods of incarceration. Consequently, § 3664(n) requires that those funds be applied to the restitution they still owe. The court therefore overrules the Pooles' objections to the writs of continuing garnishment.

**ENTER**: February 5, 2013.

UNITED STATES DISTRICT JUDGE

---

[2] The Pooles made several arguments in their original objections to the writ of continuing garnishment, but they appear to have abandoned those arguments in light of the government's response to their objections. (See Reply, ECF No. 109) (asking only that the court consider exercising discretion under § 3013).